**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1601
_____

WEIH STEVE CHANG, a/k/a Richard Doe; A.B., a minor child; C.D., a minor child;
E.F., a minor child,
Appellants

v.

STATE OF DELAWARE, DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH,
AND THEIR FAMILIES, Division of Family Services, SARAH MARLOWE,
individually and in her official capacity; BAHU GILLIAM, individually and in her
official capacity; CHILDREN'S ADVOCACY CENTER OF DELAWARE, CITY OF
WILMINGTON, a municipal corporation of the State of Delaware; CITY OF
WILMINGTON POLICE DEPARTMENT; MARY QUINN, individually and in her
official capacity
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-15-cv-00963)
District Judge: Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

December 14, 2020
Before: MCKEE, SHWARTZ, and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 9, 2022)

—————

OPINION[*]

—————

PER CURIAM

Weih Steve Chang, proceeding pro se, appeals an order of the United States District Court for the District of Delaware denying his motion for relief pursuant to Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 455. For the reasons that follow, we will affirm the judgment of the District Court.

Chang and his three minor children, through counsel, filed a civil rights action against the State of Delaware, Department of Services for Children, Youth, and their Families, Division of Family Services ("DFS"), the City of Wilmington, the City of Wilmington Police Department, the Children's Advocacy Center of Delaware, and several individuals. The action was related to a custody case in Delaware Family Court. Chang alleged that, after he reported incidents of abuse and neglect by his children's mother, DFS determined that he had told the children to make false allegations. DFS filed a petition against Chang alleging emotional abuse or neglect of the children. The Family Court dismissed the petition and Chang and the children brought claims under 42 U.S.C. § 1983 and state law based on the state court proceedings.

—————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The District Court granted the defendants' motions to dismiss the amended complaint. It also denied a pro se motion by Chang for relief pursuant to Rule 60(b) alleging that the defendants had fabricated certain documents. Chang appealed the dismissal order and we affirmed. Chang v. Dep't of Servs. for Children, Youth, and their Families, Div. of Family Servs., 790 F. App'x 435 (3d Cir. 2019).

While Chang's appeal was pending, he filed another Rule 60(b) motion seeking relief from the judgment based on alleged conflicts of interest. Chang asserted that state and private agencies involved in his case worked in partnership with the federal government and used federal funds to prosecute him in state court. He alleged that Chief Judge Leonard Stark, who presided over his federal action, and defendants DFS and the Wilmington Police Department are members of the Delaware Criminal Justice Council. By statute, the Council develops policies to improve the state criminal justice system. See Del. Code Ann. tit. 11, §§ 8700-8709. Chang submitted documents reflecting that the Chief Judge designates a District Judge to the Council and that former District Judge Gregory Sleet was a member. Chang stated that Chief Judge Stark is a de facto member.

Chang also stated that Chief Judge Stark made donations to a legal aid provider involved in his case. He relied on lists of donors to the Combined Campaign for Justice, which benefits several legal aid providers, from 2014 to 2017. Chang claimed that Chief Judge Stark violated 28 U.S.C. § 455 by not disclosing his ties to the defendants. He also asserted that Chief Judge Stark favored the individual white defendants and that his ties

3

give rise to a claim of "white privilege," which he described as the use of power to favor the white majority at the expense of minorities. Chang moved the Court to vacate or withdraw its prior orders.

The District Court denied Chang's motion. It decided that, to the extent Chang sought recusal under § 455(a), he had not shown that a reasonable person with knowledge of all the facts would question the Court's impartiality. It stated that Chang was clearly dissatisfied with its prior decisions and that such dissatisfaction is not a basis for recusal. The District Court also ruled that, to the extent Chang sought relief under Rule 60(b)(2) based on newly discovered evidence, he did not assert that the information was previously unavailable and his legal theory based on the information would not have changed the outcome.[1] The District Court also held that relief was not due under Rule 60(b)(6). It noted that its dismissal order was affirmed on appeal and stated that Chang had not shown judicial bias or the requisite extraordinary circumstances. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision for abuse of discretion. See Cox v. Horn, 757 F.3d 113, 118 (3d Cir. 2014) (Rule 60(b) motion); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (recusal).

---

[1] The District Court found a motion for relief under Rule 60(b)(2) untimely as to its dismissal order, but timely as to the denial of his prior Rule 60(b) motion.

4

Chang asserts on appeal that there is a history of racial injustice in the courts and that Chief Judge Stark should not have heard his action or considered his Rule 60(b) motion due to his racial bias and ties to the defendants. He contends that Chief Judge Stark's bias is shown by his designation of Judge Sleet, who is African American, to serve on the Criminal Justice Council. Chang has shown no bias on this basis. Chang also asserts that Chief Judge Stark ordered that he use a pseudonym to obscure his identity so that it would seem that the law was administered even-handedly. It does not appear that Chang raised this argument below and, in any event, Appellees correctly note that another District Judge issued the order in response to Chang's motion to seal the case.

Chang argues that Chief Judge Stark did not properly apply § 455(a) in considering whether recusal was required. The District Court's decision, however, sets forth the applicable standard under In re Kensington Int'l Ltd., 368 F.3d 289, 296 (3d Cir. 2004), recognizes Chang's allegations of ties to the defendants, and correctly states that dissatisfaction with a prior decision is an insufficient basis for recusal. Securacomm, 224 F.3d at 278. Although Chang had asserted that Chief Judge Stark is a de facto member of the Criminal Justice Council and that defendants also are members, he showed that the Chief Judge designates a judge to the Council, not that he is a member.[2]

---

[2] Chang contends in a reply to Appellees' response to his motion for a declaratory judgment that Chief Judge Stark was a Council member. He submitted a document

5

To the extent Chang relies on Chief Judge Stark's charitable donations, the Combined Campaign for Justice benefits three legal aid agencies, including Delaware Volunteer Legal Services. Chang contends that this agency administered an affidavit by Sharon Marlowe, a defendant and DFS employee, that was used in the state court proceeding brought against him. According to the Appellees, the affidavit was notarized by an agency lawyer representing the children's mother in state court. Chang has not shown that a reasonable person would question Chief Judge Stark's impartiality in adjudicating Chang's claims under these circumstances based on his donations to the Combined Campaign for Justice.

Because Chang has not established a violation of § 455(a), we need not consider whether relief is due under Rule 60(b)(6) based on such a violation. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988) (stating factors that apply to Rule 60(b)(6) motion when there is a violation of § 455(a)). Chang does not contend that he satisfies the requirements for relief under Rule 60(b)(2) and it is thus unnecessary to address the District Court's reasons for denying relief under this provision.

---

indicating that he was a member when he was a United States Attorney. We do not consider this contention, which was not made below or in his opening brief, see United States v. Quillen, 335 F.3d 219, 224 (3d Cir. 2003), or the document, which was not filed in the District Court. See Fed. R. App. P. 10(a) (record on appeal is comprised of, among other things, the original papers and exhibits filed in the district court).

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] Chang's motions are denied.